*United States v. Kaufman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.

TONY GEORGITON, AKA Sealed Defendant 2,

> *Defendant,*

ALAN KAUFMAN, AKA Sealed Defendant 1,

> *Defendant-Appellant.*

23-6807-cr (L);
23-6950-cr (Con)

---

| | |
|---|---|
| FOR APPELLEE: | Nicholas W. Chiuchiolo, Dina McLeod, and Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York. |

FOR DEFENDANT-APPELLANT:        Murdoch Walker, II (Bingzi Hu, *on the brief*), Lowther | Walker LLC, Atlanta, Georgia.

Appeal from two orders of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on July 12, 2023, is **AFFIRMED**, and the appeal of the order denying the motion for bail pending appeal, entered on August 9, 2023, is **DISMISSED** as moot.

Defendant-Appellant Alan Kaufman appeals from the district court's order denying his motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33, as well as the order denying his motion for bail pending appeal of the Rule 33 decision. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Following a jury trial in March 2021, Kaufman was found guilty of two counts of corruptly accepting gratuities as an officer of a financial institution, in violation of 18 U.S.C. § 215(a)(2). On September 29, 2021, the district court sentenced Kaufman to a term of 46 months' imprisonment, to be followed by two years of supervised release. The district court also ordered Kaufman to forfeit specific property and to pay $2 million in restitution, a $30,000 fine, and a $200 mandatory special assessment.

On October 13, 2021, Kaufman appealed from his conviction and sentence. Kaufman raised a number of arguments on appeal, including that there was insufficient evidence as to venue on Count Two, which alleged that his co-defendant, Tony Georgiton, provided benefits to Kaufman in exchange for favorable treatment by the Melrose Credit Union ("Melrose"), where

2

Kaufman was the chief executive officer and treasurer. More specifically, the indictment alleged that Georgiton purchased a house in Jericho, New York (the "Jericho Residence"), in which he permitted Kaufman to live rent-free for more than two years before providing Kaufman with an unsecured loan of $240,000 to help him purchase the property outright. In exchange, Kaufman approved the refinancing of over $86 million worth of loans with favorable terms issued to an entity owned by Georgiton.

On February 10, 2023, this Court issued a summary order affirming the judgment of conviction. *See generally United States v. Kaufman*, No. 21-2589, 2023 WL 1871669 (2d Cir. Feb. 10, 2023) (summary order). As relevant here, we rejected Kaufman's venue challenge. In doing so, we explained that "after Kaufman selected the Jericho Residence, he personally attended the closing—along with Georgiton, the real-estate broker, and a Melrose attorney who had agreed to represent Georgiton at Kaufman's request—at a law firm in Manhattan" and "a rational juror could have inferred that the closing constituted an act of acceptance of at least the free-rent gratuities and thus was a crucial component[ ] of, not merely preparatory to, the gratuity scheme charged in Count Two," thereby establishing venue. *Id*. at *2 (internal quotation marks and citation omitted). Kaufman filed a petition for rehearing *en banc*, which this Court denied on March 14, 2023. The mandate issued on March 21, 2023.

On April 3, 2023, Kaufman filed a motion for a new trial under Federal Rule of Criminal Procedure 33 (the "Motion") based on purportedly newly discovered evidence. On July 12, 2023, the district court issued a written order denying the motion. *See generally United States v. Kaufman*, No. 19-cr-504 (LAK), 2023 WL 4493499 (S.D.N.Y. July 12, 2023). On July 20, 2023, Kaufman filed a notice of appeal from the district court's denial of his Rule 33 motion. On July 25, 2023, Kaufman filed a motion in the district court for bail pending appeal, which was denied by

the district court. Kaufman then also appealed the order denying bail.

We review a district court's denial of a Rule 33 motion for abuse of discretion. *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013). Relief under Rule 33 based on newly discovered evidence may be granted only if the defendant satisfies the following elements: "(1) that the evidence is newly discovered after trial; (2) that facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) that the evidence is material; (4) that the evidence is not merely cumulative or impeaching; and (5) that the evidence would likely result in an acquittal." *Id*. (internal quotation marks and citation omitted).

Here, although Kaufman argues that he is entitled to a new trial on the ground that he can show a lack of venue on Count Two based on newly discovered evidence that the closing for the Jericho Residence took place on Long Island (and not in Manhattan as the government claimed at trial), we discern no abuse of discretion in the district court's denial of the Rule 33 motion. As the district court correctly determined, it is undisputed that Kaufman attended the closing and thereby "had direct knowledge of the location of the 2010 closing prior to trial" and, under those circumstances, he failed to demonstrate that "the location of the closing could not have been discovered before trial with the exercise of due diligence." *Kaufman*, 2023 WL 4493499, at *2. Indeed, the lack of due diligence is confirmed by the evidence that Kaufman identified as "newly discovered" in support of his Motion. In particular, Kaufman pointed to an email chain that he sent to the attorney for the seller of the Jericho Residence on March 21, 2023, which was the day the mandate was issued from this Court on his direct appeal, asking the attorney to confirm what Kaufman said he "remembered" about the location of the closing in 2010. App'x at 65–66. Within hours, the attorney replied with the requested information—namely, that the closing took place on Long Island—upon which Kaufman relies to seek a new trial. The email exchange itself thus

4

shows that the evidence regarding the location of the closing was readily available to Kaufman at any time (including at the time of trial) if he had exercised any degree of diligence to obtain it. The second document attached to Kaufman's Motion—that is, an email sent to Kaufman from a Melrose attorney in 2010 about the scheduling of closing for the Jericho Residence at an address on Long Island—similarly confirms that evidence regarding the location of the closing was known and available to Kaufman almost a decade prior to the March 2021 trial, and that he failed to exercise reasonable diligence to obtain it.

To the extent that Kaufman relies upon our decision in *United States v. Forbes*, 790 F.3d 403 (2d Cir. 2015), to support his position, that reliance is entirely misplaced. To be sure, in *Forbes*, we joined the D.C. Circuit in "reject[ing] a view that would make 'mere awareness of evidence during trial, *standing alone*, categorically preclude[] later treating the evidence as 'newly discovered,'" such as a document that was known to exist but was believed to be lost in a natural disaster, and then was later discovered. *Id*. at 408 (quoting *Bain v. MJJ Prods., Inc.*, 751 F.3d 642, 647 (D.C. Cir. 2014)). However, in doing so, we reiterated the longstanding rule that "[i]n order to constitute newly discovered evidence, not only must the defendant show that the evidence was discovered after trial, but he must also demonstrate that the evidence could not with due diligence have been discovered before or during the trial." *Id*. at 408–09 (internal quotation marks and citation omitted). Here, consistent with *Forbes* and our longstanding precedent, Kaufman failed to demonstrate that the emails were "newly discovered" evidence, not merely because he was aware of the location of the closing (that he personally attended) years before his trial, but because he provided no explanation as to why such evidence regarding that location could not have been obtained before or during the trial and presented to the jury. Thus, the district court properly denied the Motion on that ground.

In any event, the district court also correctly held in the alternative that, even assuming *arguendo* he could satisfy the "due diligence" requirement, "Kaufman's [M]otion fails because he has not demonstrated that he probably would have been acquitted on Count Two had there been evidence in the record that the 2010 closing took place on Long Island."  *Kaufman*, 2023 WL 4493499, at *3; *see also United States v. Jones*, 965 F.3d 149, 164 (2d Cir. 2020) ("Newly discovered evidence supports the grant of a new trial only if the defendant demonstrates, *inter alia*, that the evidence is so material and noncumulative that its admission would probably lead to an acquittal." (internal quotation marks and citation omitted)).  Here, the district court concluded that, independent of the location of the closing, "there were multiple bases on which the jury reasonably could have found, by a preponderance of the evidence, that venue was proper as to Count Two" in the Southern District of New York, including, *inter alia*, the evidence at trial establishing that (1) "Kaufman retained a Manhattan-based title agency to facilitate [the] purchase" of the Jericho Residence from Georgiton, and (2) "Kaufman caused the title agency to send electronic communications from Manhattan in furtherance of his purchase of the Jericho Residence." *Kaufman*, 2023 WL 4493499, at *3.  Kaufman has therefore failed to articulate how the district court erred with respect to this alternative holding, nor do we discern any such error in the district court's analysis.

In sum, the district court did not abuse its discretion in denying the Rule 33 Motion based upon the purported newly discovered evidence.[1]

---

[1]  Kaufman also argues that his conviction and sentence must be vacated because Section 215 criminalizes only bribery and does not extend to corrupt gratuities (which formed the basis of his convictions under both counts), relying on the Supreme Court's recent decision in *Snyder v. United States*, 603 U.S. 1 (2024).  The government presents several procedural reasons why this Court should not address this claim on appeal and, in the alternative, argues on the merits that *Snyder* "addressed a different statute, 18 U.S.C. § 666, and . . . relied on reasoning that does not apply to Section 215."  Appellee's Br. at 28.  Because Kaufman did not raise this argument in his Rule 33 Motion before the district court, we decline to address it for the first time on appeal.  *See United States v. Stillwell*, 986 F.3d 196, 200 (2d Cir. 2021) ("Ultimately, entertaining

*             *             *

We have considered the remaining arguments on appeal and conclude that they are without merit.  Accordingly, we **AFFIRM** the order of the district court denying the Rule 33 Motion.  The appeal of the order denying bail pending appeal is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

issues raised for the first time on appeal is discretionary with the panel hearing the appeal." (alteration adopted) (internal quotation marks and citation omitted)).